UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH GARLOUGH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TRADER JOE'S COMPANY,<br><br>    Defendant. | Case No. 15-cv-01278-TEH<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE** |

This matter is before the Court on Defendant Trader Joe's Company's ("Trader Joe's") motion to transfer venue to the Central District of California. Mot. at 1 (Docket No. 21). After carefully considering the arguments of the parties at the hearing and in the papers submitted, the Court hereby GRANTS Trader Joe's motion, for the reasons set forth below.

**BACKGROUND**

This putative class action was initially filed by Plaintiff Keith Garlough ("Garlough") in the Northern District of California in March of this year. Compl. at 1 (Docket No. 1). Garlough lives, works and claims to have been injured by Trader Joe's in the Northern District of California. *Id.* ¶¶ 11, 29-33. Plaintiffs Lance Alicaya and Steve Meylink were added as Plaintifffs in the First Amended Complaint ("FAC"), filed in May; both individuals live, work and claim to have been injured by Trader Joe's in the Eastern District of California. FAC ¶¶ 42-57 (Docket No. 9). Plaintiffs allege that Trader Joe's engaged in age discrimination during a companywide restructuring in April or May of 2014 (the "Refresh"), when upper-level employees aged forty or older were demoted and replaced with younger, less-qualified employees. *Id.* ¶ 7. While Plaintiffs bring this case as a proposed class action, they have yet to be certified as a class.

Trader Joe's is a California corporation with its principal place of business in Monrovia – located in the Central District of California. Mead Decl., Ex. 1 to Mot. at 2 (Docket No. 21-1). While there are Trader Joe's store locations throughout California, the largest concentration of stores in California is in Southern California – 107 are in Southern California, compared to 65 in Northern California. *Id*. Accordingly, more current and former Trader Joe's employees live in Southern California than in Northern California. *Id.*

Trader Joe's has identified five former employees who currently reside in Southern California who will likely be important witnesses in this case, as they each held positions of authority and were employed with the company during the Refresh. Mead Decl. at 3-4. Four of these individuals are former store managers, or "Captains," who participated in or were affected by the Refresh. *Id.* at 3. The fifth is a former Regional Vice President who oversaw approximately twenty stores in Southern California during the Refresh. *Id.* at 4. At the hearing, Trader Joe's stated that two comparable former Captains live in Northern California, but no former Regional Managers do.

**LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). In order to transfer venue, a court "must therefore make two findings: First, that the transferee court is one where the action 'might have been brought,' and second, that the convenience of the parties and witnesses and the interest of justice favor transfer." *Minh Hong v. Morgan Stanley & Co., LLC*, No. 12-CV-1756 TEH, 2012 WL 5077066, at *2 (N.D. Cal. Oct. 18, 2012) (citation omitted).

In evaluating the convenience of the parties and witnesses, courts may consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance

of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). Additional factors include the feasibility of consolidation of other claims and the relative congestion of the courts. *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d. 980, 993 (N.D. Cal. 2011).

A motion to transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *Jones*, 211 F.3d at 498. The party seeking to transfer bears the burden of persuasion. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

**DISCUSSION**

Trader Joe's moves to transfer venue to the Central District of California; as the moving party, Trader Joe's bears the burden of persuasion. *Savage*, 611 F.2d at 279.

As a threshold matter, Trader Joe's must first show that the action could have initially been filed in the Central District. 28 U.S.C. § 1404(a). A civil action may be brought in "a judicial district in which any defendant resides . . . ." *Id.* § 1391(b)(1). Trader Joe's correctly asserts that this matter could have been filed in the Central District, because Trader Joe's headquarters is located in Monrovia, California, so it is a resident of the Central District. Mot. at 4; *see also* Reply at 2 (Docket No. 26). At the hearing, Plaintiffs agreed that the case could have been brought in the Central District.

Trader Joe's must also demonstrate that the convenience of the parties and witnesses and the interest of justice favor a transfer of venue. 28 U.S.C. § 1404(a). While Trader Joe's motion addressed many of the factors that the Court may weigh when considering such a motion, several of those factors are either neutral or insignificant in this case – for example, the relevant employment agreements were executed in both districts, and both courts are roughly equally congested. *See* Mead Decl. at 4; *compare* Mot. at 10 *with* Opp'n at 12 (Docket No. 25). The most salient factors here are the convenience of the parties, the convenience of witnesses, and the availability of compulsory process to

1 compel the attendance of non-party witnesses at trial. Each of these factors is discussed in
2 turn, below.

### I. The Convenience of the Parties Favors Transfer

The convenience of the parties favors transferring this case to the Central District. Ordinarily, plaintiffs will file in the district that is most convenient for them, and the plaintiffs' choice of forum is accordingly given "great weight" in non-class action cases. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). However, "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Id.* As the Ninth Circuit has explained, "In judging the weight to be accorded [plaintiff's] choice of forum, consideration must be given to the extent of both [plaintiff's] and [defendant's] contacts with the forum, including those relating to [plaintiff's] cause of action." *Id.*

In putative class actions, courts routinely consider the location and concentration of putative class members in deciding motions to transfer. For example, in *Seifi v. Mercedes-Benz USA, LLC*, No. 12-cv-5493 TEH, 2013 WL 1345132 (N.D. Cal. Apr. 2, 2013), this Court concluded that the case should not be transferred to the District of New Jersey because "the Northern District of California [was] indisputably a more convenient forum for members of the proposed class . . . as well as for the named plaintiffs," where "all proposed class members [were] located in California . . . ." *Id.* at *2; *see also Roe v. Intellicorp Records, Inc.*, No. 12-cv-02567 YGR, 2012 WL 3727323, at *3 (N.D. Cal. Aug. 27, 2012) (transferring putative class action where plaintiff was not a resident of California, none of the operative facts occurred in the district and defendants offered evidence that approximately 97% of class members were not residents of California); *Ellis v. Costco Wholesale Corp.*, 372 F. Supp. 2d 530, 544 (N.D. Cal. 2005) ("Courts may take into account the distribution of a putative class in assessing transfer requests."), *rev'd in part on other grounds by* 657 F.3d 970 (9th Cir. 2011).

However, even in class actions where the named plaintiffs represent members in

4

1  other districts, the plaintiffs' choice of forum is given "significant" weight, so long as the
2  named plaintiffs actually reside in or have some connection to their chosen forum. *Rafton*
3  *v. Rydex Series Funds*, No. 10-cv-1171 CRB, 2010 WL 2629579, at *2-4 (N.D. Cal. June
4  29, 2010). *Rafton* was a putative class action in which the named plaintiff alleged that the
5  defendants violated securities laws by disseminating misleading prospectuses. *Id.* In their
6  motion to transfer venue to the District of Maryland, the defendants argued that the named
7  plaintiff's choice of forum should be given little or no weight, because he sought to
8  represent a nationwide class and because the "operative facts" of the case occurred in
9  Maryland, where the alleged misleading documents originated. *Id.* at *3. The court
10 rejected the defendants' argument, finding that they had not made a "sufficiently strong
11 showing of inconvenience to overcome Plaintiff's forum choice," where the named
12 plaintiff resided in the Northern District, received the allegedly problematic materials here,
13 and the defendants operated an office in this district and marketed here. *Id.* at *2.
14     Although courts routinely consider the distribution of putative class members in
15 deciding a motion to transfer, the Court recognizes that the convenience of putative class
16 members other than the named Plaintiffs will become irrelevant if class certification is
17 ultimately denied. Although the Court does not now consider the merits or probability of
18 class certification, the Court nonetheless discounts somewhat the weight given to the
19 convenience of the putative class because of this risk.
20     Here, transfer to the Central District would be significantly more convenient for
21 Trader Joe's and for a majority of putative class members. Trader Joe's headquarters is
22 located in Monrovia, California, which is in the Central District. Mead Decl. at 2. It is
23 undisputed that the Central District would be more convenient for Trader Joe's itself.
24     More importantly, however, there are more putative class members in the Central
25 District. *Id*. at 2-4. There are approximately 172 Trader Joe's store locations in
26 California, of which approximately 107 are located in Southern California, and
27 approximately 65 are located in Northern California. *Id*. at 2. It must be noted that Trader
28 Joe's provided these statistics for "Northern" and "Southern California," rather than by

5

federal judicial district. Even so, this evidence suggests that many more current and former employees, who would be putative class members, reside in or near the Central District. If a class is ultimately certified, it will be more convenient for the majority of class members for the case to proceed in the Central District, because they can more easily participate in court proceedings there. The distribution of putative class members therefore favors transfer.

Plaintiffs ignore the consideration of convenience owed to putative class members, focusing their argument instead on the convenience of the three named Plaintiffs themselves. Specifically, Plaintiffs assert that Plaintiff Garlough – the individual who initially filed the complaint – was injured in the Northern District, and continues to work and reside in this District, in Petaluma and Sonoma, respectively. FAC ¶¶ 21, 37. The other two named Plaintiffs, Alicaya and Meylink, live in the Eastern District, near Sacramento, which is much closer to San Francisco than to Los Angeles. *Id.* ¶¶ 22, 23. It is undeniable that transferring the case to the Central District would be inconvenient for the named Plaintiffs. Also, Trader Joe's still has approximately 65 stores in Northern California. Relying on *Rafton*, Plaintiffs argue that their residence in Northern California, plus Trader Joe's significant presence here, means that their choice of the Northern District should be given significant weight, even though they are representing a statewide class. Opp'n at 3-4.

Even so, Plaintiffs have not sufficiently addressed the inconvenience to their proposed class members that would be caused by maintaining this case in the Northern District. This case is distinguishable from *Rafton*, because in that nationwide class action, the court did not find that the class was heavily concentrated in a particular geographic area. *See* 2010 WL 2629579, at *3-4. Plaintiff's argument that considering the distribution of putative class members will always require transferring putative class actions out of the Northern District is not persuasive, because other factors, such as the location of witnesses and other evidence, could make up for the class members'

6

1  distribution in the appropriate case.  In this case, however, those concerns only reinforce
2  this factor, as discussed more below.
3        Trader Joe's persuasively argues that, while the Northern District might be more
4  convenient for the named Plaintiffs, the Central District would be *significantly more*
5  convenient for a majority of the putative class members.  Reply at 7.  Trader Joe's has met
6  its burden to overcome Plaintiffs' choice of forum, and shown that the convenience of the
7  parties favors transfer.

## II.  The Convenience of the Witnesses Strongly Favors Transfer

The convenience of the witnesses also favors transferring the case to the Central District.  "'The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a).'"  *Saleh v. Titan Corp.*, 361 F. Supp. 2d. 1152, 1160 (S.D. Cal. 2005) (quoting *State Street Capital Corp. v. Dente*, 855 F. Supp. 192, 197 (S.D. Tex. 1994)).  The convenience of non-party witnesses is of greater importance than that of party witnesses.  *Saleh*, 361 F. Supp. 2d at 1160.

Trader Joe's argues that "[the] most likely witnesses to Plaintiffs' age discrimination claims are the current and former employees of Trader Joe's who participated in or were affected by the Refresh."  Mot. at 7.  Trader Joe's argues that a greater number of its current and former employees reside in the Central District, because its headquarters is located there, and it has a greater concentration of stores there.  *Id.* (citing Mead Decl. at 2-3).  While the convenience of *current* Trader Joe's employees certainly favors transfer, current employees are party witnesses, and their convenience is weighed less heavily than that of non-party witnesses.

Trader Joe's more compelling argument focuses on the inconvenience of non-party witnesses, especially *former* employees.  Trader Joe's has identified a Regional Vice President and four retired store managers (out of twenty nationwide) who reside in or near the Central District.  Mead Decl. at 3-4.  At the hearing, Trader Joe's indicated that two comparable former Captains, but no former Regional Vice Presidents, currently reside in

7

Northern California. The location of the identified non-party witnesses strongly favors transfer.

In response to this concern, Plaintiffs argue that "this case is brought as a representative action, and as such, Plaintiffs' cause of action will not necessarily turn on the individual testimony of putative members, whether through deposition or trial." Opp'n at 8. Further, Plaintiffs claim that from their perspective, "the actual key witnesses in this case, certainly with respect to [their] disparate impact claims, will likely be the parties' experts." *Id*. at *10. However, neither of these assertions address the convenience of the non-party witnesses that Trader Joe's has identified and will likely use; rather, Plaintiffs argue that the testimony of these non-party witnesses will be inconsequential to them and therefore irrelevant. This argument is unpersuasive, because the convenience of non-party witnesses is of paramount concern, no matter which party calls them. *See Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1147-48 (C.D. Cal. 2009).

Plaintiffs also argue that Trader Joe's did not sufficiently identify the non-party witnesses who reside in or near the Central District because it did not provide their names. Opp'n at 8. Plaintiffs rely on *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086 (N.D. Cal. 2002), which found, when evaluating the convenience of witnesses, that it was "more persuasive" for a party to set forth the nature of its witnesses' testimony and why the witnesses were important, than to merely state where the witnesses resided without more context. *Id.* at 1092-93. Unfortunately for Plaintiffs, Trader Joe's has done that here, by explaining that these store managers had "primary responsibility" for carrying out the Refresh, Mead Decl. at 2, that these individuals cooperated with their Regional Vice Presidents to make staffing decisions, *id.* at 3, and that they coordinated with the corporate headquarters to make the resulting position changes. *Id.* Compared to Plaintiffs' silence regarding their non-party witnesses, Trader Joe's account is the "more persuasive." *See Florens*, 245 F. Supp. 2d at 1092.

The Court recognizes that Plaintiffs have offered to depose all witnesses close to their residences, including in Southern California. *See* Opp'n at 7. While this offer

8

certainly reduces the inconvenience to both party and non-party witnesses, it does not sufficiently address the inconvenience that any Southern California witnesses would suffer in travelling to the Northern District for trial, discussed more below.

The Court finds that the convenience of the party and non-party witnesses who reside in or near the Central District strongly favors transferring the case there.

### III. The Court's Ability to Compel the Attendance of Non-Party Witnesses Somewhat Favors Transfer

Finally, the relative ability of a court in the Central District to compel the production of evidence and the attendance of witnesses somewhat favors transfer in this case. Federal Rule of Civil Procedure 45(c)(1)(A) authorizes a court to issue a subpoena commanding a person to attend a trial, hearing or deposition within 100 miles of where the person resides, is employed, or regularly transacts business in person. Additionally, Rule 45(c)(1)(B) allows a court to command a *party* to attend a trial, deposition, or hearing anywhere in the state where they reside, are employed, or regularly transact business in person; for *non-parties*, the court may only command their statewide attendance at trial, and only if they would not incur "substantial expense."

These provisions of Rule 45 were added to the Rule in 2013, and they have not yet been thoroughly addressed by other courts. The commentary to the 2013 amendment clarifies that, "When travel over 100 miles [to attend a trial] could impose substantial expense on the [non-party] witness, the party that served the subpoena may pay that expense and the court can condition enforcement of the subpoena on such payment."

The other sections of the Rule provide useful insight into what constitutes "substantial expense." Rule 45(d)(2)(B)(ii) "states in relevant part that when a court orders compliance with a subpoena over an objection, 'the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.'" *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013). In *Legal Voice*, the Ninth Circuit held that cost shifting is mandatory in all instances in which a non-party

9

incurs "significant expense" from compliance with a subpoena. *Id.* And, in that case, the court had "no trouble concluding that $20,000 [in expenses related to compliance with the subpoena were] 'significant.'" *Id.* at 1185.

Additionally, Rule 45(d)(3)(A)(ii) *requires* the court to quash or modify a subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)."

Here, as discussed above, Trader Joe's argues that the most likely witnesses to be called are current and former Trader Joe's employees. Mot. at 7. Moreover, Trader Joe's asserts that many of these individuals are residents of the Central District, because the company is headquartered there and has the majority of its California stores there. Mead Decl. at 3-4. At least five identified non-party witnesses, and possibly more, work and reside greater than 100 miles from San Francisco, and this Court has a somewhat limited subpoena power over such individuals – the Court can only compel them to attend trial here if they would not incur substantial expense.

Plaintiffs respond to this argument by emphasizing that the Court still has the power to compel non-party witnesses to testify at trial so long as they would not incur *substantial expense*. Opp'n at 9-10 (emphasis added).

Given that there is no actual evidence regarding the costs that non-party witnesses will incur if they are required to travel from the Central District to the Northern District, the Court cannot now find conclusively that such expenses would be substantial in this case. What is clear is that a court in the Central District would not even need to perform a "substantial expense" inquiry for the identified non-party witnesses who reside in Southern California, because the identified witnesses reside within 100 miles of the Los Angeles courthouses. Mead Decl. at 4.

A court in the Central District would have the power to compel the attendance of non-party witnesses who live within 100 miles of the Los Angeles courthouses at both depositions and trial in the Central District, without inquiring as to whether such witnesses would incur substantial expense. By contrast, this Court can only compel their attendance at trial if they would not incur substantial expense. Although these differences in the two

10

courts' abilities to subpoena non-party witnesses are not very significant, they do militate somewhat in favor of transferring the case to the Central District.

**CONCLUSION**

After establishing that this matter could have initially been filed in the Central District, Trader Joe's demonstrated that transferring this case there would be more convenient for itself, for the majority of putative class members, and for several non-party witnesses, and that the Central District Court would also have a broader subpoena power over non-party witnesses. For these reasons, Trader Joe's motion to transfer venue to the Central District of California is GRANTED.

**IT IS SO ORDERED.**

Dated: 08/04/15 _____
THELTON E. HENDERSON
United States District Judge

11